## No. 538
LENART v. COCHRAN
Ohio Appeals, 9th Dist., Summit County
No. 826. Decided March 20, 1924

1245. VERDICT—Verdict held not manifestly against weight of evidence.

480. EVIDENCE—Statements not made in presence of opposite party not admissible especially where nothing more than conclusions.

465. ERROR—No prejudicial error committed by short charge of court where it states all the law applicable to case.

FUNK, P. J.                    Epitomized Opinion
*Published Only in Ohio Law Abstract*

This was an action in replevin commenced by one Cochran. In August, 1921, one Kovacs sold an undivided one-half interest in a farm to one Myers. The evidence was in dispute as to whether Myers bought an undivided one-half interest in the personal property at the same time he purchased the undivided one-half interest in the farm. Kovacs and Myers lived on the farm for some time when trouble arose among them and Kovacs moved to Cleveland. The evidence indicated that Kovacs received the checks for the milk sold up to the time he left the farm, and that Myers had possession of all the personal property after that time. The plaintiff, Cochran, claims title to the personal property, which includes a number of cattle, by virtue of a bill of sale given to him by Myers in June, 1922.

The principal question upon which the evidence was in dispute was whether or not Myers purchased an undivided one-half interest in the personal property as well as in the real estate when he brought the same from Kovacs. In rebuttal the plaintiff was called and testified concerning a conversation he had with one Polatsek, an attorney in Cleveland, in which Polatsek said that he had prepared the deeds and that Myers had stated that he only purchased one-half interest in the farm and not in the personal property.

## COURT OF APPEALS—Continued

The jury returned a verdict for plaintiff. Defendant prosecuted error, claiming that the verdict was manifestly against the weight of the evidence and prejudicial error in the admission of this conversation and that the charge of the court was prejudicial. In reversing the judgment of the lower court, the Court of Appeals held:

1. That the verdict was not manifestly against the weight of the evidence.

2. As the conversation was with a third person not a party to the suit and not in the presence of the defendant and was, in effect, giving the result or conclusion of a transaction instead of what was said and done by the parties at the time under discussion, prejudicial error was committed in the admission of the same.

3. While the court's chare was short, it was to the point, and was not prejudicial in character.

Attorneys—Staley & Trunko and A. E. Heisler, for Lenart; Snyder & Snyder, for Cochran; all of Akron.